UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Judy Flummerfelt, *et al.*,

                Plaintiffs,      Case No. 22-10067

v.                                   Judith E. Levy
                                   United States District Judge

City of Taylor, *et al.*,

                                   Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' EX-PARTE MOTION TO EXTEND TIME TO SERVE THE SUMMONS AND AMENDED COMPLAINT ON RICHARD SOLLARS [17]**

Before the Court is Plaintiffs' *ex parte* motion to extend time to serve the summons and First Amended Complaint on Defendant Richard Sollars. (ECF No. 17.) Plaintiffs seek an extension of time as to only one of the several defendants: Defendant Richard Sollars. (ECF No. 17.) For the reasons set forth below, the Court grants Plaintiffs' *ex parte* motion.

Federal Rule of Civil Procedure 4(m) sets forth the time limit for service: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Establishing good cause is the responsibility of . . . the plaintiff[ ] and necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (internal quotation marks omitted). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, No. 20-5505, 2021 WL 289316, at *1 (6th Cir. Jan. 28, 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). "Mere 'lack of prejudice and actual notice are insufficient,' as are '[m]istake of counsel or ignorance of the rules.'" *Id.* (quoting *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006)).

Here, the original complaint was filed on January 11, 2022 (ECF No. 1), and the First Amended Complaint was filed on March 30, 2022 (ECF No. 6). The ninety-day time limit for service in this case elapsed as of April 13, 2022. Plaintiffs request an extension of 60 days from the date

of filing of the present motion, which would extend the deadline for service to June 12, 2022. (ECF No. 17, PageID.135.)

Plaintiffs have demonstrated there is good cause for an extension here. Plaintiffs have detailed their extensive efforts to attempt service of Defendant Sollars: (1) five attempts at personal service on Sollars since the filing of the First Amended Complaint on March 30, 2022; (2) contacts made on April 11, 2022 with two of Sollars' present criminal attorneys to arrange service, one of whom sent information regarding two civil counsel at two different law firms who have represented Sollars; and (3) attempts on April 11, 2022 to contact both prior civil counsel to Sollars. (*Id.* at PageID.134–136.) Were any of these attempts at service to have been successful, they would have complied with Federal Rule of Civil Procedure 4(e) as proper service on an individual within a judicial district of the United States. *See* Fed. R. Civ. P. 4(e)(1)–(2). Accordingly, Plaintiffs have attempted "a reasonable, diligent effort to timely effect service of process[,]" and thus have met their burden to demonstrate good cause. *Johnson*, No. 20-5505, 2021 WL 289316, at *1.

For the reasons set forth above, the Court GRANTS Plaintiffs' *ex parte* motion to extend time to serve the summons and First Amended

3

Complaint on Defendant Richard Sollars. A second summons to Richard Sollars shall be issued to expire on **June 12, 2022**.

IT IS SO ORDERED.

Dated: April 22, 2022         s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager