UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDY FLUMMERFELT, *et al.*, <br> Plaintiffs, <br> v. <br><br> CITY OF TAYLOR, *et al.*, <br> Defendants. <br> _____/ | Case No.: 22-10067 <br><br> Judith E. Levy <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

## ORDER FOR SUPPLEMENTAL BRIEFING

Plaintiffs, on behalf of themselves and all others similarly situated, sued the City of Taylor and city officials, a few realty companies and their owners, and the Wayne County Treasurer for claims associated with the tax foreclosures on their homes. Among the claims raised in the complaint are that defendants Wayne County and City of Taylor effected an improper taking without just compensation and an inverse condemnation claim for allegedly taking their property interests in the form of surplus value or equity and appropriating this property for public use without just compensation. (ECF No. 1, Counts I and II).

The defendants who appeared here have moved to the dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 29, 46, 48, 66). Among the arguments raised in each motion is that the plaintiffs do not have property rights in the equity of their tax-foreclosed homes. Each defendant cited the District Court opinion in *Hall v. Meisner*, 565 F. Supp. 3d 953 (2021), in

support of their position. (ECF No. 29, PageID.191-92; ECF No. 46, PageID.324, n. 7; ECF No. 48, PageID.371-72; ECF No. 66, PageID.615-16). They each contend that this case is much like *Hall*, and the Court should rule as it did there.

On October 13, 2022, the Sixth Circuit issued two opinions on appeal from the *Hall* cases—*Hall v. Meisner*, -- F.4th –, 2022 WL 7366694 (6th Cir. Oct. 13, 2022) and *Hall v. Meisner*, -- F.4th --, 2022 WL 7478163 (6th Cir. Oct. 13, 2022)—reversing the District Court in the first cited case and affirming in the second. These opinions were released after the motions to dismiss were filed; Plaintiffs addressed the Sixth Circuit's ruling in response to the last-filed motion to dismiss. (ECF No. 68).

The parties are ordered to submit **supplemental briefing** on the effect of the Sixth Circuit's recent decisions on any of the arguments raised in the motions to dismiss and the claims in the complaint. The moving defendants must file their supplemental briefs **within 10 days of this Order**. Plaintiffs will submit response briefs **within 10 days of service** of the defendants' supplemental briefs. All briefs are **limited to 5 pages** exclusive of the caption and signature blocks. The parties must move for leave to file a brief exceeding this page limit.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 20, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge