UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDY FLUMMERFELT, *et al.*, | Case No. 22-10067 |
| Plaintiffs, | F. Kay Behm |
| v. | United States District Judge |
| CITY OF TAYLOR, *et al.*, | Curtis Ivy |
| Defendants. | United States Magistrate Judge |
| _____ / | |

**OPINION AND ORDER DENYING MOTION
FOR RECONSIDERATION (ECF No. 100)**

**I.     PROCEDURAL HISTORY**

Plaintiffs Judy Flummerfelt, Frances Ridenour, Anthony Hamilton, and Holly Hamilton, on behalf of themselves and those similarly situated in the City of Taylor, filed suit alleging violations of the United States Constitution and Michigan law on January 11, 2022.  They later amended their complaint.  (ECF No. 6).  The claims in the Amended Complaint arise from the tax foreclosure of the named Plaintiffs' homes located in the City of Taylor.  They allege that, through illegal conspiracies, they were denied the surplus value or equity in their foreclosed homes.  Defendants are the Wayne County Treasurer and the City of Taylor, the government entities involved in the foreclosure and first sale of the properties. Plaintiffs also sued, among others, Shady Awad and his real estate businesses,

1

Realty Transition LLC ("RT") and Taylor Rehab LLC ("Taylor Rehab") (collectively, the "Awad defendants").

Magistrate Judge Curtis Ivy, to whom this matter was referred, issued a Report and Recommendation on several motions to dismiss, including that filed by the Awad Defendants. (ECF No. 79). Plaintiffs and Wayne County filed objections (ECF Nos. 80, 81), which the court resolved in an opinion and order dated July 21, 2023. (ECF No. 97). The court concluded as follows in the opinion and order:

> 1. Wayne County's motion to dismiss (ECF No. 46) is **GRANTED** in part: the federal taking claim is **DISMISSED** as time-barred; the court **ABSTAINS** from any decision on the Michigan inverse condemnation claim; the substantive due process claim is **DISMISSED**; and the procedural due process claim remains pending.
>
> 2. The City of Taylor's (ECF No. 29) motion to dismiss is **GRANTED** in part: the federal takings and the unjust enrichment claims are **DISMISSED**, and the court **ABSTAINS** from any decision on the Michigan inverse condemnation claim. Plaintiffs concede that the due process claims against the City should be dismissed and thus, these claims are also **DISMISSED**. (ECF No. 53, PageID.422, n. 1).
>
> 3. The Awad Defendants' motion to dismiss (ECF No. 48) is **GRANTED** as to the § 1983 conspiracy and the unjust enrichment claims and **DENIED** as to the RICO claim.

2

    4. Sollars' motion to dismiss (ECF No. 66) is **GRANTED** as to the § 1983 conspiracy and unjust enrichment claims and **DENIED** as to the RICO claim.

(ECF No. 97, PageID.970).

The Awad Defendants have moved for reconsideration on two grounds: (1) the remaining claim against them under RICO is barred by the statute of limitations, an issue not previously addressed in the Report and Recommendation or the court's Opinion and Order; (2) the RICO claim is not plausible. (ECF No. 100). This matter is fully briefed (ECF Nos. 103, 104) and is ready for decision.

## II. LEGAL STANDARD

The Awad Defendants' motion is governed by Local Rule 7.1(h)(2), which provides limited and narrow grounds on which the court may reconsider its non-final orders. Motions for reconsideration may only be brought on three grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)–(C).

**III. STATUTE OF LIMITATIONS**

In their original motion to dismiss the complaint, the Awad Defendants argued that the statute of limitations barred Plaintiffs' RICO claims. In the Report and Recommendation, Judge Ivy did not address the statute of limitations issue because he determined that the RICO claims failed on other grounds. In its Opinion and Order, the court only addressed the parties' objections, none of which touched on the statute of limitations. Accordingly, because the statute of limitations could be dispositive of Plaintiffs' RICO claims, and because the Awad Defendants raised this issue in their motion to dismiss, the court finds that it erred by failing to address the issue in its Opinion and Order and will do so now.

RICO claims are subject to a four-year statute of limitations. *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 86 F.4th 1168, 1176 (6th Cir. 2023) (citing *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987)). In *Rotella v. Wood*, the Supreme Court adopted the injury-discovery rule for the accrual of civil RICO claims. 528 U.S. 549, 554-55 (2000). Under the injury-discovery rule, RICO claims accrue when the plaintiffs "knew or should have known of [the] injury." *Id*. at 553. As this court explained in its earlier Opinion and Order, Plaintiffs' injury here occurred when their properties were sold:

4

> [T]he property right under Michigan law is the surplus proceeds, which do not come into existence, if at all, until the sale of property. If the City was wrongfully induced to exercise its right of first refusal in order to impair Plaintiff's right to the surplus proceeds, then the Plaintiffs have plausibly identified an injury to their property interest in the surplus proceeds ….

(ECF No. 97, PageID.967). According to Defendants, Plaintiffs knew, or reasonably should have known, that they lost their property interest in any surplus proceeds when the City of Taylor exercised its right of first refusal and purchased the properties for the minimum bid, cutting off any potential for excess proceeds. The City of Taylor was deeded the Flummerfelt and Ridenour properties on August 26, 2015. (ECF No. 46-3, PageID.340; ECF No. 46-5, PageID.344). Defendants point out that recorded deeds maintained by Wayne County are a matter of public record and the deeds quitclaiming the properties to Taylor were recorded and state on their face the purchase price that Taylor paid to Wayne County for each parcel. Thus, Defendants assert that Plaintiffs could have easily determined whether the purchase price was for fair market value.

Plaintiffs argue that that the exercise of the right of first refusal was "not transparent." Plaintiffs say that the first time they knew of their injuries was when the Department of Justice indicted Sollars, Baum, Awad, and Altoon on December 18, 2019. Plaintiffs also argue that it is not appropriate to decide a

5

statute of limitations issue in the context of a motion to dismiss because the undisputed facts do not "conclusively establish" the defense as a matter of law. *Estate of Barney v. PNC Bank*, 714 F.3d 920, 926 (6th Cir. 2013). More specifically, Plaintiffs argue that there are factual questions relating to the accrual date because Defendants fraudulently concealed facts preventing Plaintiffs from learning of their injury.

Defendants suggest the present circumstances are substantially similar to those in *Rotella*. In *Rotella*, the plaintiff was admitted to a psychiatric hospital, where he remained for approximately one year. *Id*. at 551. Eight years after his discharge, plaintiff learned that the psychiatric hospital and one of its directors pleaded guilty to criminal fraud, and Rotella sued, alleging that a conspiracy to admit, treat, and retain him not for medical reasons but to maximize their profits. *Id*. at 552. Thus, the plaintiff was aware of his injury – being kept in the psychiatric hospital – by or before the time of his discharge in 1986. *Id*. But he did not learn of the pattern of racketeering activity until 1994, when the hospital and director pleaded guilty to criminal fraud. *Id*. The Supreme Court held that it was discovery of the injury, rather than discovery of the injury and pattern, that caused the statute of limitations to accrue and begin to run. *Id*. at 554. Thus,

6

Defendants contend that the statute of limitations began to run in 2015, when the City of Taylor exercised its right of first refusal.

But did Plaintiffs discover the injury in 2015 merely because that is when the City of Taylor exercised its right of first refusal? The Sixth Circuit's recent decision in *Snyder-Hill v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022) is instructive. In *Snyder-Hill*, the Court of Appeals explains that under *Rotella* and *United States v. Kubrick*, 444 U.S. 111, 122 (1979), "discovering that a defendant caused an injury is *part of* discovering the injury." *Snyder-Hill*, 48 F.4th at 702 (emphasis in original). The court specifically rejected the defendant's argument that the accrual clock begins to run when a plaintiff has reason to know of an injury, regardless of whether they have reason to know *who or what caused* the injury. *Id*. at 701. The court held that "*Rotella* does not undercut *Kubrick*'s understanding that a plaintiff must have discovered that *the defendant harmed them* for a claim to accrue." *Id*. at 702 (emphasis in original). Here, the court cannot conclude, from the face of the amended complaint, that Plaintiffs' injury occurred in 2015 *and* that they were aware that the Awad Defendants caused their injury. Accordingly, the court cannot definitively determine the merits of Defendants' statute of limitations defense based on the complaint alone. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (The Sixth Circuit has

7

admonished that "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," unless "the allegations in the complaint affirmatively show that the claim is time-barred."). Thus, the motion for reconsideration based on the statute of limitations is **DENIED**.

### IV.     PLAUSIBILITY OF RICO CLAIM

Defendants now claim that Plaintiff's RICO claim is implausible because the amended complaint does not sufficiently allege proximate cause and because the RICO claim is conclusory and speculative. However, the Awad Defendants did not present these arguments to the Magistrate Judge in their motion to dismiss, their reply, or their supplemental brief. (ECF Nos. 48, 57, 72). As explained by the Court of Appeals, absent compelling reasons, the district court does not generally allow parties to raise new arguments or issues that were not presented to the magistrate. *Moore v. United States Dep't of Agric.*, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")). Because these arguments were not presented to the Magistrate Judge, Defendants' motion does not satisfy any of

the three categories for reconsideration. More specifically, Defendants' argument does not identify any mistake by the court "based on the record and law before the court at the time of its prior decision", an "intervening change in controlling law warrants a different outcome," or "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(A)–(C). Accordingly, the motion for reconsideration on this basis must be **DENIED**.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the motion for reconsideration is **DENIED**. Defendants have 21 days from the date of this Order to file an answer to the amended complaint.

**SO ORDERED**.

Date: December 14, 2023              s/F. Kay Behm
                                     F. Kay Behm
                                     United States District Judge