UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY FLUMMERFELT, *et al.*,

    Plaintiffs,

v.

CITY OF TAYLOR, *et al.*,

    Defendants.

_____/

Case No. 22-10067

F. Kay Behm
United States District Judge

Curtis Ivy
United States Magistrate Judge

**OPINION AND ORDER ON PLAINTIFFS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT (ECF No. 119)**

**I.    PROCEDURAL HISTORY**

Plaintiffs Judy Flummerfelt, Frances Ridenour, Anthony Hamilton, and Holly Hamilton, on behalf of themselves and those similarly situated in the City of Taylor, filed suit alleging violations of the United States Constitution and Michigan law on January 11, 2022. They later amended their complaint. (ECF No. 6). The claims in the Amended Complaint arise from the tax foreclosure of the named Plaintiffs' homes located in the City of Taylor. They allege that, through illegal conspiracies, they were denied the surplus value or equity in their foreclosed homes. Plaintiffs alleged violations of the Fifth and Eighth Amendments, due process, and Michigan law.

The City of Taylor, Wayne County, the Awad Defendants, and Sollars moved to dismiss the amended complaint. The court adopted the Magistrate Judge's report and recommendation on the motions, as modified, and concluded in relevant part that (1) Plaintiffs conceded that the federal takings claim against Wayne County was time-barred; and (2) Sixth Circuit authority required the court to abstain on the state law takings claim under the *Pullman* abstention doctrine. (ECF No. 97). Plaintiffs now move to amend the complaint, contrary to the conclusions. First, Plaintiffs seek reinstatement of their federal takings claim against Wayne County, stating the court did not consider applicable tolling principles. Second, Plaintiffs contend that *Pullman* abstention should no longer be applied to its inverse condemnation claim under the Michigan Constitution. The court will address each argument in turn.

For the reasons set forth below, Plaintiffs' motion for leave to amend to add a federal takings claim is denied as futile. Further, while the court denies the motion for leave to amend the complaint as to the Michigan inverse condemnation claim, the court will no longer abstain from deciding this claim on the merits based on the conclusion that *Pullman* abstention no longer applies.

**II.     ANALYSIS**

    A.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Generally, Rule 15(a)(2) embodies a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010). However, leave to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 443. A proposed amendment is considered futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

    B.     Federal Takings Claim

Plaintiffs argue that the court failed to consider tolling principles when it determined that their federal takings claim was barred by the statute of limitations. More specifically, Plaintiffs argue that the limitations period was tolled by *Bowles v. Sabree*, 2024 WL 1550833, at *2 (6th Cir. Apr. 10, 2024), which involved a proposed class action filed in 2020 in the Eastern District of Michigan

and is based on similar claims to those asserted here in both Wayne and Oakland Counties. Plaintiffs argue that the court should apply *Cowles v. Bank West*, 476 Mich. 1, 97-98 (2006), in which the court held that "the filing of such a [class action] complaint is sufficient to toll the period of limitations as long as the defendant has notice of both the claim being brought and the number and generic identities of the potential plaintiffs." Here, the foreclosure judgments "became final and unappealable" on March 31, 2015 (Goddard Property), June 30, 2015 (Mayfair Property), and June 29, 2018 (Pine Property). Only the Pine Property would potentially come within the scope of the *Bowles* class action because the class includes properties seized within Wayne County where the sale occurred before June 17, 2020, but within three years of the filing of the Bowles suit, which was October 22, 2020.[1] However, the class certified in *Bowles* excluded from its scope any property owner who filed their own post-forfeiture civil lawsuit to obtain relief, which obviously Plaintiffs did here. (*See Bowles v. Sabree*, Case No. 20-12838 (E.D. Mich.), ECF No. 47, PageID.726, Opinion and

---

[1] The class was certified as follows: "All property owners formerly owning property from within the counties of Wayne and Oakland who had said property seized by Defendants via the General Property Tax Act, MCL 211.78 et seq., which was worth more and/or was sold at tax auction for more than the total tax delinquency and was not refunded the excess/surplus equity, and this sale occurred before July 17, 2020, but within three years of the filing of this lawsuit, and excluding any property owner who has filed their own post-forfeiture civil lawsuit to obtain such relief." *Bowles v. Sabree*, Case No. 20-12838 (E.D. Mich.), ECF No. 47, PageID.726.

Order by District Judge Linda V. Parker, dated January 14, 2022).  Thus, it is difficult to see how the *Bowles* class action could toll the limitations period in this case.[2]

Moreover, Plaintiffs expressly conceded that the statute of limitations barred their federal takings claim.  In their initial response to Wayne County's motion to dismiss the amended complaint, Plaintiffs offered to voluntarily dismiss their federal takings claim.  (ECF No. 54, PageID.453, n. 1).  The offer to withdraw this claim was based on Plaintiffs' concession that the claim was barred by the statute of limitations.  (ECF No. 78, PageID.736).  Plaintiffs cannot now retract what is essentially a judicial admission.  As explained in *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 495 (6th Cir. 2020), a party is bound by the statements contained in its pleadings:

> Once litigation commences, a party typically is bound by its action, whether it be a statement in a pleading, *see Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) ("[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." (quoting *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986))), … or an argument to the court by its counsel, …

---

[2] The court is also not persuaded that *Wayside Church v. Van Buren County*, 2021 WL 1051543 (W.D. Mich. Feb. 16, 2021) operates to toll the limitations period.  There, the class included eligible properties foreclosed between January 1, 2013 and December 31, 2020 for numerous Michigan counties; however Wayne County was not included within the scope of the class, nor was Wayne County ever named in the suit.  (*See Wayside Church v. County of Van Buren*, Case No. 14-1274 (W.D. Mich.), ECF No. 555; Second Amended Complaint, ECF No. 187).

>see *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (recognizing that an attorney's statement qualifies as a binding judicial admission when it is "deliberate, clear, and unambiguous").

Accordingly, Plaintiffs are bound by their concession.

Plaintiffs also failed to timely raise the issue of tolling, despite many opportunities to do so. Indeed, at no time in their submissions regarding the motion to dismiss, did Plaintiffs argue that tolling principles applied to the statute of limitations and the principal authorities on which they now rely were readily available. Plaintiffs have not sufficiently explained why they waited two years after the motions to dismiss were filed to raise the issue of tolling. While the *Bowles* decision was recently issued in April 2024, the case was filed in 2020 and the tolling principles under Michigan law on which Plaintiffs rely are long-established. Plaintiffs also failed to raise this argument in their objection to the report and recommendation and in fact, raised no arguments regarding the statute of limitations. (ECF No. 81). Moreover, a failure to raise an argument before a district court causes that argument to be waived. *Jones v. State Farm Fire & Cas. Co.*, 2023 WL 3570014, at *1 (W.D. Tenn. May 19, 2023) (citing *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008)). For all these reasons, Plaintiffs' motion for leave to amend to re-plead the

6

previously dismissed federal takings claim is denied because it would be futile to assert that claim and because they unduly delayed in raising the tolling issue.

C.  Inverse Condemnation Under the Michigan Constitution

In the order adopting the report and recommendation, the court concluded that it must abstain from deciding the merits of this claim under applicable Sixth Circuit authority directing that the federal courts should abstain under *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-01 (1941).  *See Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022) (The court of appeals directed the district court to abstain from adjudicating the inverse condemnation claim because "[w]hether the facts alleged here violate the Michigan Constitution's Takings Clause is an issue for the Michigan courts to decide."); *Sinclair v. Meisner*, 2022 WL 18034473, at *3 (6th Cir. Dec. 29, 2022) (District courts should abstain from deciding claims under the Michigan Constitution's Takings Clause).

The court may consider the *Pullman* abstention doctrine at any time.  *See e.g.*, *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 802 (9th Cir. 2001); *see also Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (noting that *Pullman* abstention may be raised *sua sponte*).  In *Jackson v. Southfield Neighborhood Revitalization Initiative*, --- Mich. App. ----; 2023 WL 6164992, at *14-15 (Mich. Ct. App. Sept. 21, 2023), issued after this court's decision, the

7

Michigan Court of Appeals clarified that *Rafaeli, LLC v. Oakland Co.*, 505 Mich. 429 (2020) did not limit takings claims under the Michigan Constitution to only situations where the government retained surplus cash proceeds following a tax foreclosure sale. Instead, in situations when there was not a public tax-foreclosure sale, the "surplus" was calculated based on the <u>value</u> of the property retained, less what was legally owed. *Id*. Plaintiffs contend that application of *Pullman* was appropriate prior to the Michigan Court of Appeals deciding that property owners who had their property taken by the state have a "statutory right of first refusal;" but that doctrine should not be applied because the rights of the Plaintiffs and putative Plaintiffs are now settled under Michigan law and *Pullman* is no longer applicable. In response, Defendants merely point to the statements of the Sixth Circuit in *Hall* and *Sinclair* on which this court previously relied.

Notably, the *Pullman* abstention doctrine applies "only where state law is unclear *and* a clarification of that law would preclude the need to adjudicate the federal question." *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011). Here, state law has been sufficiently clarified and there is no assertion that the resolution of this or any other state law issue would resolve the last remaining federal constitutional claim pending in this matter, Plaintiffs'

8

procedural due process claim. *See e.g.*, *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011) ("The Ohio Supreme Court's decision … clarified any relevant confusion regarding Ohio law's treatment of provisional ballots cast in the wrong precinct and made equally plain that the resolution of state-law issues does not resolve the constitutional dispute properly before this court. *Pullman* abstention is, therefore, inappropriate."). However, Plaintiffs need not amend the complaint to press their Michigan inverse condemnation claim. Rather, the court need only clarify, as it does here, that *Pullman* abstention no longer applies to this claim and it may proceed to a decision on the merits.

### III. CONCLUSION

For the reasons set forth above the court **DENIES** Plaintiffs' motion for leave to amend the complaint as futile but revisits its prior application of the *Pullman* abstention doctrine and will no longer abstain from the merits of Plaintiffs' takings/inverse condemnation claim against Wayne County under the Michigan Constitution.

**SO ORDERED**.

Date: July 24, 2024            s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge