UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDY FLUMMERFELT, *et al.*,<br>      Plaintiffs,<br>v.<br><br>CITY OF TAYLOR, *et al.*,<br>      Defendants.<br>_____/ | Case No.: 22-10067<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING MOTIONS FOR PROTECTIVE ORDER
### (ECF Nos. 145, 146)

Defendants Wayne County Treasurer Eric Sabree and Shady Awad moved for a protective order precluding Rule 30(b)(1) depositions *duces tecum*.[1] (ECF Nos. 145, 146). Plaintiffs have agreed to go forward with depositions without the request for documents contained in the deposition notices, so what remains is the question of whether the depositions should take place. (*See* ECF Nos. 150, 151). Discovery began on April 8, 2024, and closed August 30, 2024. (ECF No. 115). The deposition notices were served on August 19, 2024. The Defendants challenge the timeliness of the notices, assert that the request for documents is improper and late, and Sabree argues he has no first-hand knowledge so seeking to depose the top official is inappropriate.

---

[1] Awad titled his motion as one to quash the deposition, but cites authority for a protective order.

The Court conducted a status conference on August 30, 2024, to try to help the parties come to an agreement on the issues.  Other than Plaintiffs removing the documents request from the deposition notice, no agreement was reached.

"To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)); *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). The harms that can support a protective order under the rule are "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Ohio Execution Protocol*, 845 F.3d at 236.  Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required.  *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Court will first address the assertions that Plaintiffs were dilatory in seeking to depose these defendants.  Plaintiffs assert that Sabree's counsel has had

notice since an email sent on July 25, 2024, that Plaintiffs intended to depose Sabree in August, but Sabree's counsel did not respond to the email. Sabree's counsel's failure to respond is likely because Plaintiff's counsel emailed counsel for Awad, not Sabree. It appears this was a mistake because the email is addressed to "Nasseem," the name of one of the Treasurer's lawyers, and is about the treasurer, not Awad. (ECF No. 152-4). Awad's counsel apparently did not alert Plaintiffs' counsel to the mistake. In emails exchanged with Sabree's counsel on August 22, 2024, Plaintiffs' counsel noted the request for the deposition during July 2024. (ECF No. 152-3, PageID.1848). There is no email response in the record. It is unclear if Awad's counsel also received an email about deposing Awad. In any event, Plaintiffs attempted to discuss at least Sabree's deposition over a month before the close of discovery and Awad's counsel had mistaken notice that depositions were contemplated, so it is not the case that Plaintiffs took no action at all until August 19th. Additionally, neither Defendant could be surprised by receiving a deposition notice—parties are often deposed in litigation.

Counsel for both Defendants contend that the notices did not provide reasonable time to prepare for the depositions and neither are available to be deposed until after the close of discovery. Sabree was given six business days' notice, Awad was given seven business days' notice. What is reasonable notice is determined under the circumstances of the case, with attention given to the time

3

that would be required to prepare for the deposition, the complexity of the case, and selection of a date that does not conflict with other obligations. *See Smith v. Stephens*, 2012 WL 899347, at *3 (E.D. Mich. Mar. 16, 2012); *Leys v. Lowe's Home Centers, Inc.*, 2009 WL 1911818, at *1 (W.D. Mich. July 1, 2009) (quashing subpoena notice where plaintiff "chose to schedule a complicated deposition and document production at the []very last minute of the discovery period, in circumstances that would make compliance by defendant virtually impossible."). Defendants cite cases stating that less than ten days' notice is unreasonable, and conclude from there that these notices are thus unreasonable. They did not address the complexity of the case, provide an estimate of time it would take to prepare for the deposition, nor provide any alternative dates they would be available.

 The facts and claims here are not overly complex and do not span a long time. The foreclosures at issue occurred in 2015 and 2018 and concern three plaintiffs. It should not take significant time to review facts relevant to the foreclosures.

 Moreover, obtaining a protective order requires an explanation and support for the specific prejudice or harm that will result absent a protective order. Complaining that Plaintiffs could have noticed the depositions earlier is not a showing of specific prejudice or harm that would result from being deposed.

Lastly, Sabree argues that his deposition notice defies the "apex doctrine" and that he does not have knowledge about the day-to-day workings of the office. (ECF No. 145, PageID.1708-09).  He asserts that the burden and expense of diverting his time from his usual tasks for preparing the deposition outweigh any probative value of his testimony.  (*Id.* at PageID.1709).

Plaintiffs insist that they need Sabree's deposition, not someone else from Wayne County, because they seek information related to the creation and implementation of Wayne County's policies and procedures about the properties at issue.  The Treasurer is responsible for creation and ratification of County treasury policy.  Thus, Plaintiffs say that they should be permitted to depose Sabree.  (ECF No. 152, PageID.1822).

Courts are not permitted to rely on the apex doctrine to preclude a deposition absent the deponent to meet the Rule 26(c) burden.  *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901-02 (6th Cir. 2012).  Despite his arguments and request for a protective order, he did not provide the level of information needed to entitle him to protection from sitting for a deposition.  For instance, Sabree asserts that deposing the apex official is inappropriate when others have the same information or for whom it would be easier to obtain the information (*id.* at 1707), yet does not establish why the Treasurer is not in the best position to explain the County's policies and procedures about tax foreclosures during the relevant time.   Absent

5

the required Rule 26(c) showing of harm, the Court has no basis for requiring Plaintiffs to depose another witness first. *See Doe 1 v. Orchard Lake Schools*, 2021 WL 5711101, at *2 (E.D. Mich. Dec. 2, 2021) (the deponent "neither relies on Rule 26(c) nor tries to show harm beyond his generic claim that '[a] deposition and necessary preparation work will interfere with [his] leadership of the AOD.'"). Because of this, the Court declines to apply the apex doctrine to require Plaintiffs to depose other County officials first.

At the status conference, Plaintiffs counsel expressed willingness to depose another official in the County Treasurer's office. The Court encourages that approach, but with all due haste.

Given the foregoing, the Court will **DENY** the motions for protective order, but will not give the parties free rein to schedule the depositions. Discovery is now closed. Dispositive motions are due by October 4, 2024. This gives little time to schedule depositions. Sabree and Awad must make themselves available for deposition **on or before September 16, 2024**. If Sabree and Plaintiffs agree that Plaintiffs will instead notice a Rule 30(b)(6) deposition for a representative of the Treasurer's office, that notice must be served by September 3, 2024. The depositions are limited to the properties at issue in this litigation.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  September 3, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge