UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDY FLUMMERFELT, *et al.*, | Case No. 22-10067 |
| Plaintiffs, | F. Kay Behm |
| v. | United States District Judge |
| CITY OF TAYLOR, *et al.*, | Curtis Ivy |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER DENYING DEFENDANTS' EMERGENCY MOTIONS TO STAY (ECF Nos. 160, 161) and OVERRULING OBJECTIONS (ECF Nos. 158, 159)**

I.   **PROCEDURAL HISTORY**

Defendant Eric Sabree and Defendant Shady Awad have both brought emergency motions (ECF Nos. 160, 161) to stay Magistrate Judge Ivy's order denying motions for protective order (ECF No. 153) pending the decision on the objections (ECF Nos. 158, 159) to that order. Sabree moved for a protective order on the basis that Plaintiffs did not give reasonable notice of the deposition (eight days), the request for documents was overly broad and improper, and other means to obtain the same information were available. (ECF No. 145). The notice to Sabree was sent on August 19, 2024 and the deposition scheduled for August 27, 2024. *Id*. Awad moved for a protective on the basis that the document request was improper under the federal rules and the court's scheduling order

1

and the notice was not reasonable (nine days). (ECF No. 146). The notice to Awad was sent on August 19, 2024 and the deposition was to take place on August 28, 2024. *Id*.

Judge Ivy, to whom the motions for protective order were referred, rejected the claim that the notices were dilatory, pointing to evidence that Plaintiffs' counsel attempted to discuss the depositions at least a month before the close of discovery. Judge Ivy also found that the amount of notice given was reasonable because the foreclosures at issue occurred in 2015 and 2018 and concern three plaintiffs and it should not take a significant amount of time to review the facts relevant to the foreclosures. (ECF No. 153, PageID.1854). Judge Ivy ordered the depositions to be taken by September 16, 2024. *Id*. at PageID.1856). As noted in Judge Ivy's order, Plaintiffs agreed to go forward with the depositions without the request for documents. (ECF No. 153, at PageID.1851). Defendants filed objections to Judge Ivy's order on September 4, 2024. (ECF Nos. 158 and 159). Because the emergency motions and the objections cover the same ground, the court will address them both here.

## II. STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being

2

served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

**III.    ANALYSIS**

While Defendants continue to contend that the depositions failed to give sufficient notice, their objections do not account for the facts that (1) Plaintiffs no

longer request documents; and (2) Judge Ivy allowed the parties until September 16, 2024 to complete the depositions, giving the parties nearly 30 days from the date the notices were sent to complete two depositions.  Accordingly, the court finds the short time period between the notice and the originally scheduled deposition to be irrelevant at this juncture.  Awad further points to his motion to dismiss, which he says moots this lawsuit, if granted.  However, this argument was not raised before the Magistrate Judge and the court declines to consider it here.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (Absent compelling reasons, a party is not permitted to raise new arguments or issues at the district court stage that were not presented to the magistrate judge.); *see also Evans v. Walgreen Co.*, 2011 WL 2634348, at *2 (W.D. Tenn. July 5, 2011) ("[T]his Court cannot address arguments on objection to a nondispositive pretrial order unless the Magistrate Judge had occasion to address them.") (citing *Hann v. Michigan*, 2007 WL 4219384, at *3 (E.D. Mich. Nov. 29, 2007)).  Accordingly, the court **OVERRULES** Awad's objections to Judge Ivy's order.

Sabree further objects to Judge Ivy's order because he declined to apply the apex doctrine in this instance.  More specifically, as Judge Ivy described the objection:  "Sabree asserts that deposing the apex official is inappropriate when others have the same information or for whom it would be easier to obtain the

information …, yet does not establish why the Treasurer is not in the best position to explain the County's policies and procedures about tax foreclosures during the relevant time." (ECF No. 153, at PageID.1855). In its objection, Sabree argues that tax foreclosure is a creature of statute, not County or Treasurer policy, citing *Bowles v. Sabree*, 2024 U.S. App. LEXIS 8879, *2 (6th Cir. Apr. 10, 2024). The *Bowles* court found that Treasurer Sabree is entitled to "sovereign immunity under the Eleventh Amendment" for claims relating to tax foreclosure because Sabree was "complying with state mandates" that afforded him "no discretion," and confirming that "Wayne County took title to [the plaintiff's] home under the Michigan General Property Tax Act, which prescribed the process for tax foreclosures in the State. 2024 U.S. App. LEXIS 8879, at *2. The lack of discretion under state statute does not plausibly suggest that the County or Treasurer have no policies or procedures[1] pertaining to tax foreclosures; moreover, it is not clearly erroneous to conclude that Sabree is the best person to provide testimony on this issue. Finally, Sabree's immunity to suit does not suggest that he is a person who may not be deposed. Even if he is dismissed from this lawsuit, Sabree

---

[1] Sabree seems to suggest that because Judge Ivy limited the topics of the deposition to the three properties at issue in this litigation, Sabree is not the appropriate deponent because he is not personally involved in the day-today administrative tasks related to tax collection and enforcement. Again, simply because the scope of the deposition is limited with respect to the properties and foreclosures at issue, Plaintiffs are still entitled to explore the topics of the policies and procedures applicable to those foreclosures, as Judge Ivy explained in his order.

is still the official most knowledgeable about the County and Treasurer's policies and procedures relating to foreclosures during the time frame at issue. Accordingly, Sabree's objections are **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' objections to Judge Ivy's order are **OVERRULED**.  Further, the emergency motions to stay are **DENIED** for the same reasons.

    **SO ORDERED**.

Date: September 11, 2024        s/F. Kay Behm
    F. Kay Behm
    United States District Judge