UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY FLUMMERFELT, *et al.*,

Plaintiffs,

v.

CITY OF TAYLOR, *et al.*,

Defendants.
_________________________ /

Case No. 22-10067

F. Kay Behm
United States District Judge

**OPINION AND ORDER ON DEFENDANT WAYNE COUNTY'S MOTION FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CONSTITUTIONAL INVERSE CONDEMNATION CLAIM (ECF No. 206)**

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The operative Amended Complaint contained eight causes of action. Count I alleged a federal takings claim; Count II alleged a state law claim for inverse condemnation under the Michigan Constitution; Count III alleged a Procedural Due Process claim; Count IV alleged a Substantive Due Process claim; Count V alleged a RICO claim; Count VI alleged Unjust Enrichment; Count VII alleged a federal civil conspiracy claim; and Count VIII alleged a declaratory judgment claim. (ECF No. 6). The pertinent factual background as alleged in the Amended Complaint can be found in the court's July 21, 2023 Opinion and Order. (ECF No. 97).

In its July 21, 2023 Opinion and Order, the court dismissed the federal takings claim of Count I because Plaintiffs did not dispute that the claim was time-barred. (ECF No. 97). The court also dismissed the "substantive due process" claim of Count IV because there was no basis to assert that claim separate and apart from the federal takings claim of Count I. *Id*. The court also dismissed Counts VI and VII for alleged unjust enrichment and civil conspiracy. *Id*. The court further decided to "abstain from any and all decisions on the merits of the state law takings claim" pursuant to *R.R. Comm'n of Tex. v. Pullman Co*., 312 U.S. 496, 500-01 (1941). *Id*. The court's reasoning for abstention included that the Sixth Circuit "has made clear" in at least two decisions – *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022) and *Sinclair v. Meisner*, 2022 WL 18034472, at *3 (6th Cir. Dec. 29, 2022) – that federal "district courts should abstain from deciding claims under the Michigan Constitution's Takings Clause." *Id*. As a result of the July 21, 2023 ruling, only the procedural due process, RICO, and declaratory judgment claims of Counts III, V, and VIII of the Amended Complaint remained.

About one year later, on July 24, 2024, the court denied Plaintiffs' motion for leave to further amend their claims, but "revisit[ed] its prior application of the *Pullman* abstention doctrine" and determined to "no longer

abstain from the merits of Plaintiffs' takings/inverse condemnation claim against Wayne County under the Michigan Constitution." (ECF No. 139). The reasoning for no longer abstaining was that the Michigan Court of Appeals had since decided *Jackson v. Southfield Neighborhood Revitalization Initiative*, 348 Mich. App. 317 (2023). The court concluded that *Rafaeli, LLC v. Oakland Cnty.*, 505 Mich. 429 (2020), "did not limit takings claims under the Michigan Constitution to only situations where the government retained surplus cash proceeds following a tax foreclosure sale" and would also apply in right of first refusal "situations when there was not a public tax-foreclosure sale, [but] the 'surplus' was calculated based on the value of the property retained, less what was legally owed." (ECF No. 139). Therefore, the court considered the issue to be "settled under Michigan law," and decided that "*Pullman* is no longer applicable." *Id*. The court determined that "state law has been sufficiently clarified and there is no assertion that the resolution of this or any other state law issue would resolve the last remaining federal constitutional claim pending in this matter, Plaintiffs' procedural due process claim." *Id*.

The Michigan Supreme Court subsequently granted oral argument on the application for leave to appeal in *Jackson*. Thus, in its January 28, 2025

Opinion and Order, this court noted that "Michigan law appears unsettled in several important respects in right of first refusal cases given that the Michigan Supreme Court has scheduled oral argument on the application for leave to appeal from the *Jackson* decision[.]" (ECF No. 197). The court therefore held in "abeyance" its "decision on the futility of Plaintiffs' state law inverse condemnation claim against Wayne County" "pending a decision from the Michigan Supreme Court in Jackson" because "the law applicable to Plaintiffs' state law inverse condemnation claim is not settled." *Id*. The court also determined that Plaintiffs' procedural due process claim in Count III of the Amended Complaint, which this Court previously noted was "the last remaining federal constitutional claim," was time-barred and dismissed that claim. *Id*. The procedural due process claim was the last federal claim asserted against Wayne County or its Treasurer, leaving only the state law inverse condemnation claim in Count II that the court had determined to hold in abeyance pending the result of *Jackson* in the Michigan Supreme Court.

On February 28, 2025, the court denied Wayne County's motion for summary judgment on the issue of release and also denied Plaintiff's motion for class certification. (ECF No. 200). On March 6, 2025, the court granted the Awad Defendants' motion for summary judgment, holding that "causation

is too attenuated and Plaintiffs' RICO claims must fail for lack of proximate cause." (ECF No. 201).

The Michigan Supreme Court issued its decision in Jackson on July 16, 2025. *Jackson v. Southfield Neighborhood Revitalization Initiative*, No. 166320, 2025 WL 1959046 (Mich. July 16, 2025). The Court held that a taking under the Michigan Constitution occurs when property was not offered for sale at a public auction because a governmental unit other than the state purchased the property from the foreclosing governmental unit (FGU) for a minimum bid through the right-of-first-refusal process outlined in former Mich. Comp. Laws § 211.78m:

> But where, as here, there are no sales by public auction, the government commits a taking if the value of the property retained exceeds what the government was owed. The government cannot evade long-established methods of disposing of foreclosed properties through public sale and simply keep highly valuable property for itself, avoiding paying *any* compensation to homeowners. Such a practice would allow governments to circumvent *Rafaeli* and render its constitutional holding inert for property owners affected by similar takings. As stated in *Rafaeli*, governments have long been prohibited from taking "property *in excess of what is owed*." *Rafaeli*, 505 Mich. at 480, 952 N.W.2d 434.

*Jackson*, at *5. "Because these properties were purchased for the minimum bid in lieu of being made available to purchase through public auctions, to the

extent the value of plaintiffs' respective properties exceeded the amount plaintiffs owed in delinquent taxes and attendant fees, we conclude that there was a taking without just compensation in violation of the Michigan Constitution." *Id*. Finally, the Court held that Mich. Comp. Laws § 211.78m applied prospectively only:

> Given the absence of any language in MCL 211.78m that the Legislature intended the provision to apply retroactively, and the fact that retroactive application of amended MCL 211.78m would create new duties with respect to completed transactions, we conclude that MCL 211.78m applies only prospectively to claims accruing after 2020 PA 255 became effective, i.e., claims accruing on or after January 1, 2021.

*Jackson*, at *9. Notably, however, the Court expressly declined to determine whether the FGU or the governmental entity who exercised the right of first refusal is the party liable for the taking. *Id.* at n. 7.

On March 10, 2026, the Sixth Circuit issued its Opinion and Judgment on Wayne County's appeal. (ECF No. 203). Defendant claimed an appeal as of right regarding its position that Wayne County Treasurer Sabree is entitled to sovereign immunity. The Sixth Circuit confirmed that the Treasurer is entitled to such immunity but determined that Wayne County is already a defendant in this case with no further need to add or substitute it as a party. *Id*.

On November 20, 2026, the court dismissed the last remaining federal RICO claims against Defendant Baum and Sollars, leaving the state inverse condemnation claims against the City of Taylor[1] and Wayne County as the only remaining claims pending in this suit. (ECF No. 230)

Wayne County has filed a motion asking the court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law takings claim and dismiss it without prejudice to it being refiled in state court. While Wayne County makes a number of arguments, it primarily focuses on the state law takings claim presenting a novel and complex issue of state law. Courts may decline to exercise supplemental jurisdiction over a state law claim if the claim raises a novel or complex issue of State law. 28 U.S.C. § 1367(c)(1). Notably, as Wayne County points out, the parties at the Sixth Circuit argued about whether this court should exercise supplemental jurisdiction over this claim. The court of appeals found that it did not have jurisdiction over the issue, but also "recognize[d] the novel and complex nature of this state law

[1] The City of Taylor was incorrectly terminated as a party on the court's docket on July 21, 2023, when the court issued its Opinion and Order regarding the parties' various motions to dismiss. (ECF No. 97). The federal takings claim against the City of Taylor was dismissed at that time, but the state inverse condemnation claim was not. *Id*. Accordingly, that claim against the City of Taylor remains live in this case.

claim that the district court has, on multiple occasions, either abstained from deciding or held in abeyance." (ECF No. 203, p. 16).

## II. ANALYSIS

"[A] district court must ordinarily exercise supplemental jurisdiction over all related state claims and should only decline to do so, in its discretion, for one or more of the reasons enumerated in [28 U.S.C.] § 1367(c)." *Williams v. Addison Cmty. Schs.*, 168 F.4th 791, 796 (6th Cir. 2026). That statute provides that a district court may decline to exercise supplemental jurisdiction in four instances, including if "the district court dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "In determining whether to exercise supplemental jurisdiction, the district court should balance several factors, including judicial economy, convenience, fairness, and comity." *Williams*, 168 F.4th at 794-95 (citation omitted). "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.”).

The court starts with the presumption that “[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.” *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (internal quotation marks omitted). Here, the only claim remaining is the state law inverse condemnation claim. The court could dismiss the claim on this basis alone. The court notes, however, that dismissal remains “purely discretionary,” *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009), and courts are cautioned to limit the exercise of this discretion to cases where “the ‘interests of judicial economy and the avoidance of multiplicity of litigation’ outweigh [the court’s] concern over ‘needlessly deciding state law issues.’” *Johnson-Estelle v. Meijer, Inc.*, No. 24-11469, 2026 WL 1213804, at *4 (E.D. Mich. May 4, 2026) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

Given that this matter has been pending since 2022, the interests of judicial economy and the avoidance of the multiplicity of litigation appear to favor retaining jurisdiction, but the court finds these interests less weighty where the court has abstained from deciding the inverse condemnation claim

for much of this litigation. Importantly, the court still finds that Michigan law on the issue before the court is unsettled, given that the Michigan Supreme Court in *Jackson* declined to decide whether the FGU or the governmental entity who exercised the right of first refusal is liable for the inverse condemnation claim in circumstances similar to that presented here. If jurisdiction were retained, the court would be in the position of deciding a novel or complex issue of state constitutional law that the state courts would be better equipped to address in the first instance. The Sixth Circuit has held that "concerns around federal-state comity counsel that we abstain from needlessly intruding into significant state matters, such as the interpretation in the first instance of unique provisions of the state's constitution." *Williams*, 168 F.4th at 796; *see also Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021) ("[D]eclining supplemental jurisdiction is particularly important" where "the parties raise novel questions of state constitutional law."). Accordingly, the court finds that the interests of judicial economy and the avoidance of multiplicity of litigation do not outweigh the court's concerns over comity and needlessly deciding state law issues. This is especially true where, as here, those state law issues are novel or complex and involve state constitutional matters. For these reasons, the motion to decline

supplemental jurisdiction over the last remaining state constitutional claim is granted.[2]

## III. CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendant's motion to decline supplemental jurisdiction over Plaintiffs' state constitutional inverse condemnation claim. The state constitutional inverse condemnation claim against Wayne County and the City of Taylor is **DISMISSED** without prejudice. This is a final order and closes the case.

**SO ORDERED**.

Date: November 20, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[2] As the Defendant points out in reply, declining supplemental jurisdiction will not prejudice Plaintiffs' ability to bring their state constitutional claim in state court. This is so because 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." This provision has been broadly construed by Michigan state courts and federal courts. *See Jinks v Richland Co, SC*, 538 U.S. 456, 459 (2003) (Section 1367(d) prevents "the limitations period on claims from expiring while the plaintiff was fruitlessly pursuing them in federal court"); *Puetz v. Spectrum Health Hosps. & Kevin Splaine*, 324 Mich. App. 51, 68 (2018) (applying § 1367(d) tolling to state law defamation claim notwithstanding the fact that the plaintiff's federal claim was dismissed for lack of subject matter jurisdiction by the federal court.).